09-1579-ag
Ye v. Holder

BIA
A073 676 645

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of July, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge,*
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges.*

_____

LIN YING YE,
> *Petitioner,*

    v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

09-1579-ag

NAC

FOR PETITIONER: Oleh R. Tustaniwsky, Brooklyn, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Ari Nazarov, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Lin Ying Ye, a native and citizen of the People's Republic of China, seeks review of a March 17, 2009, order of the BIA denying the third motion to reopen she filed after being found not credible and ordered deported. *In re Lin Ying Ye*, No. A073 676 645 (B.I.A. Mar. 17, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Ye's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien can file a single motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). However, there is no time or number limitation if the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Ye's motion to reopen, which was indisputably untimely and number-barred.

The BIA did not abuse its discretion in determining that the evidence Ye submitted in support of her motion to reopen is "inadequate to show changed circumstances or conditions in China . . . such that her motion would be excepted from the usual 90-day filing deadline." First, the BIA reasonably declined to give weight to an unauthenticated document purportedly issued by a village committee in China in light of the IJ's prior adverse credibility finding. *See Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007). Second, the BIA, after considering the remainder of Ye's evidence, reasonably concluded that Ye failed to "establish prima facie eligibility for asylum, *i.e.*, 'a realistic chance' that [s]he will be able to establish eligibility." *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005).

Contrary to Ye's argument, the record does not reflect a failure by the BIA to consider any of the evidence she submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). Finally, because Ye presented no evidence in support of her CAT claim separate from the evidence presented in support of her asylum claim (which failed to demonstrate *prima facie* eligibility for

3

relief), the BIA did not abuse its discretion in finding her ineligible for CAT relief. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
